IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

**FILED**

JUL 2 2 2014

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY

| | |
|---|---|
| DOROTHY N. FISCHER, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. |
| FMC TECHNOLOGIES, INC., | ) |
| Defendant. | ) |

# CIV-14-771   D

## COMPLAINT

### I. PRELIMINARY STATEMENT

1.  This is a civil action asserting causes of action for employment discrimination and retaliation because of race and gender prohibited by the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"); for race discrimination and retaliation in violation of 42 U.S.C. § 1981 ("§ 1981"); and for disability discrimination and retaliation in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA").

### II. PARTIES

2.  Plaintiff, Dorothy N. Fischer, is an individual citizen and resident of the United States, and resides in Oklahoma City, Oklahoma, within the Western District. Plaintiff was employed and discharged from employment by Defendant in Oklahoma City within the Western District of Oklahoma.

3.  Defendant, FMC Technologies, Inc., is a foreign for-profit corporation with

its headquarters and principal place of business in Houston, Texas.

## III. JURISDICTION AND VENUE

4.     This Court has federal question jurisdiction under 28 U.S.C. § 1331, and 42 U.S.C. § 2000e-5(f)(3) and § 12117(a).

5.     Venue is proper under 42 U.S.C. § 2000e-5(f)(3) and § 12117(a), and 28 U.S.C. § 1391(b) and (c).

## IV. CONDITIONS PRECEDENT

6.     On or about July 30, 2013, Plaintiff timely filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff's EEOC Charge No. 564-2013-01302 alleged, inter alia, that Defendant discriminated against her based upon her race, sex, and disability; and, further, that Defendant retaliated against her for complaining of sexual harassment and other discriminatory conduct by Defendant. Plaintiff has exhausted her administrative remedies as to her race, sex, and disability discrimination and retaliation claims under federal and state law.

7.     The EEOC issued Plaintiff a notice of right to sue dated April 23, 2014, and she is filing this lawsuit within ninety (90) days of her receipt of said notice.

## V. FACTUAL ALLEGATIONS

8.     Defendant is an employer engaged in interstate commerce or activities affecting interstate commerce, and has had fifteen (15) or more employees for each

2

working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

9. Defendant is a covered employer under Title VII and the ADA.

10. Plaintiff is a white female whose year of birth is 1985. Plaintiff is disabled, has a record of disability, and/or was perceived as being disabled by Defendant due to bi-polar disorder requiring regular medication and other treatment.

11. Plaintiff was initially hired on or about November 1, 2012, as a temporary employee to work for Defendant at its location at 3400 Melcat Drive, Oklahoma City.

12. Plaintiff was qualified for her position as a Document Specialist and performed her assigned job duties in a satisfactory manner, as indicated by her successfully performing her assigned job duties until on or about July 12, 2013, when she was discharged allegedly due to a background check.

13. Plaintiff began working for Defendant as a temporary employee on or about November 1, 2012. She was assigned to work as a Document Specialist and was supervised on a daily basis by Defendant's personnel who trained her, instructed her how to perform her job duties, and who gave her assignments and directed her work.

14. In February 2013, Corey Small, Production Planning Supervisor, who is a black male, began sexually harassing Plaintiff. Such harassment included unwelcome touching, sexually suggestive remarks and texting, and propositions for sexual activity. Small put his hands down Plaintiff's shirt on occasion, and stated, "I like what I feel".

He also kissed Plaintiff on the back of her neck. Small also asked Plaintiff for sex.

15. Plaintiff reported the harassment by Small to her supervisors, Cutie Abraham and Jeff Patterson. On May 2, 2013, Plaintiff then reported the harassment to Tracy Irvin (race black), Senior Human Resources Representative for FMC Technologies Inc. - Surface Wellhead. Plaintiff provided Irvin copies of text messages she had received from Small.

16. Subsequently, in May 2013, Irvin and Jason Van Hoozen, Regional HR Representative Surface Technologies, met with Plaintiff. Their meeting with Plaintiff was confrontational, and they asked Plaintiff repeatedly whether she had sex with Small even though she had denied doing so.

17. Plaintiff applied for a permanent position with Defendant as a Surface Document Specialist. On July 2, 2013, Irvin sent Plaintiff a letter confirming that Defendant was offering her employment in such position. Later that day, Irvin met with Plaintiff and stated that her sexual harassment case was closed, and that was the only way that Plaintiff could be hired as a permanent employee. Irvin also told Plaintiff that she could be fired in the future for making a claim of sexual harassment, and that Small was very embarrassed about her complaint.

18. On July 3, 2013, Plaintiff emailed her supervisors, Jeff Patterson and Cutie Abraham, and the Human Resources Department stating that she formally accepted the offer of employment.

19. On July 5, 2013, Plaintiff was emailed by Mary Allen (race black), Human Resources Assistant, who was under the supervision of Irvin. Allen requested that Plaintiff provide her with the names of the medications she took. Plaintiff complied with the request the same morning.

20. On July 12, 2013, Plaintiff was confronted by Allen and asked about a pending case that came up on Plaintiff's background check. Plaintiff explained that the case was not listed on her application because it was pending, she had not been convicted, and the instructions on the application did not require her to list it. The pending case involved insufficient funds checks, and Plaintiff disclosed that she had a disability, emotional illness, and that at the time of the incident several years earlier, she was not on medication.

21. Later that day, Irvin terminated Plaintiff's employment and stated that a pending case was the same as a conviction. Plaintiff requested that Irvin provide her the employer's policy on the issue, but Irvin refused to do so.

22. Defendant's reason for not hiring Plaintiff as a permanent employee and/or discharging her is pretextual. Defendant has a policy against hiring individuals with conviction records, but not against individuals who have pending cases. It employs individuals with pending cases and even some individuals with felony convictions on their records.

23. All adverse actions described herein, and taken by Defendant against

Plaintiff, including without limitation, her discharge, were done intentionally, willfully, or in reckless disregard for the legal rights of Plaintiff.

24. Plaintiff would have been paid by Defendant at the rate of approximately $16.53 per hour if she had continued employment as a Surface Document Specialist. Further, she would have received fringe benefits, including, without limitation, participation in the Surface Wellhead Employee Incentive Plan (EIP), a bonus program; three weeks of Paid-Time-Off (PTO); medical, dental, and other insurance coverages; and a 401(k) retirement program.

25. As a result of Defendant's wrongful actions, Plaintiff has suffered a loss of employment; loss of career path and seniority; loss of compensation and benefits; and compensatory damages, including, without limitation, those for humiliation, loss of dignity, loss of enjoyment of life, worry, stress, and anxiety.

## VI. FIRST CAUSE OF ACTION: VIOLATION OF TITLE VII

26. Plaintiff incorporates hereunder by reference paragraphs 1-25, as set forth above.

27. Plaintiff was fully qualified to perform her assigned job duties as a Surface Document Specialist and did so in a satisfactory manner. Plaintiff received no warnings or corrective actions pertaining to alleged inability to perform her assigned job duties or unsatisfactory work performance.

28. A motivating factor in all of Defendant's adverse actions toward Plaintiff,

including her discharge, was her race and gender, and because she complained of such discrimination, in violation of Title VII. As a result of Defendant's adverse actions, Plaintiff suffered the losses and damages described in ¶ 25, above.

29. Defendant's violations of Title VII were intentional, willful, malicious, and/or in reckless disregard for the legal requirements imposed on Defendant under Title VII.

30. As a result, Plaintiff is entitled to all remedies and relief afforded by Title VII, including, without limitation, compensatory and punitive damages.

### VII. SECOND CAUSE OF ACTION: VIOLATION OF § 1981

31. Plaintiff incorporates hereunder by reference paragraphs 1-30, as set forth above.

32. Plaintiff is protected from employment discrimination by Defendant based upon her race and retaliation under 42 U.S.C. § 1981

33. Defendant's adverse actions, including, without limitation, her discharge, because of her race and retaliation violate Section 1981. Plaintiff is entitled to all remedies to which a prevailing plaintiff is entitled for an employer's willful and malicious violation of Section 1981.

### VIII. THIRD CAUSE OF ACTION: VIOLATION OF ADA

34. Plaintiff incorporates hereunder by reference paragraphs 1-33 as set forth

above.

35. Plaintiff is protected under the ADA from employment discrimination and retaliation based upon her disability, bipolar disorder.

36. Defendant discriminated against Plaintiff by taking the adverse actions against her described above in ¶¶ 19-21, including, without limitation, terminating her from employment because of her disability, record of disability, or Defendant's perception that she is disabled, in violation of the ADA. As a result of Defendant's adverse actions, Plaintiff suffered the losses and damages described in ¶ 25, above.

37. Defendant's actions in violating the ADA were intentional, willful, malicious, or in reckless disregard for Plaintiff's rights thereunder.

38. Plaintiff is entitled to all remedies and relief provided for a violation of the ADA, including, without limitation, compensatory and punitive damages.

## IX. JURY TRIAL REQUESTED

39. Plaintiff is entitled to a jury trial under Title VII, § 1981, and the ADA, and hereby requests a jury trial.

40. Plaintiff's Complaint was prepared by Raymond C. Durbin (OBA No. 2554), Attorney at Law, 601 NW 13th Street, Oklahoma City, Oklahoma 73103. Plaintiff is proceeding Pro Se on this matter.

## X. PRAYER FOR RELIEF

41. Plaintiff prays for judgment as follows:

A. Payment of back wages, benefits, and compensation;

B. Reinstatement to her former job position, or alternatively, appropriate future pay, including all wages, benefits and compensation;

C. All other compensatory damages, including, but not limited to, those for humiliation, loss of dignity, loss of enjoyment of life, worry, stress, and anxiety;

D. Punitive or exemplary damages;

E. Declaratory and injunctive relief as appropriate;

F. Pre-judgment and post-judgment interest; and

G. Attorney's fees, costs and such other and further relief as the Court deems reasonable and proper.

_____
Dorothy N. Fischer, Pro Se
6219 S. Independence Ave., Apt. 307
Oklahoma City, OK 73159
Phone:   (405) 223-5682

**JURY TRIAL DEMANDED.**